FILED

2004 NOV -5 A 9:49

U.S. DISTRICT COURT
HARTFORD, CT.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TERESA FORRESTT, | : | |
| Plaintiff, | : | Case No.: **304CV1869 AWT** |
| VS. | : | |
| VANTIS LIFE INSURANCE COMPAINY | : | |
| Defendant. | : | NOVEMBER 4, 2004 |

**Jury Trial Demanded**

## COMPLAINT

COMES NOW the plaintiff, Teresa Forrestt, by and through her attorneys, Sabatini and Associates, LLC, and for her Complaint, she states:

### PARTIES AND JURISDICTION

1. Teresa Forrestt (plaintiff) is a resident and citizen of Hartford County, Connecticut.

2. Defendant is a corporation authorized to do business in the State of Connecticut, who, at all times relevant hereto, employed fifty or more employees in an industry affecting interstate commerce.

3.     This action is brought under the Family Medical Leave Act of 1993 (FMLA). Accordingly, this Court has federal subject matter jurisdiction under 28 U.S.C. §1331.

4.     This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS OF FACT

5.     Plaintiff has worked approximately four (4) years for the defendant.

6.     Plaintiff's most recent job position or title was Direct Sales Manager.

7.     At all times material, plaintiff performed her job satisfactorily.

8.     Plaintiff suffers from hypertension.

9.     From time to time, while employed by the defendant, plaintiff was unable to work due to her hypertension.

10.    As a result of plaintiff's condition, plaintiff was under the care of medical providers and was released from work by her medical providers for more than three calendar days.

11.    In March 2003, plaintiff developed problems with her hypertension which required her to make adjustments in her medication.

12.    On or about March 20, 2003, plaintiff took medical leave from defendant's employment due to her medical condition.

13.    On or about April 16, 2003, plaintiff returned to work.

14. On or about April 16, 2003, defendant's Senior Vice President of Operations, Scott Smith, in reference to plaintiff's medical leave, made the following comment to the plaintiff: "Did you have a nice vacation?"

15. In August 2003, plaintiff received her first negative job performance review from the defendant.

16. The negative job performance review consisted of eleven "Needs Improvements".

17. Defendant's employee and plaintiff's boss, Craig Simms, wrote the review.

18. In plaintiff's previous job performance reviews, she did not receive a single "Needs Improvement".

19. Plaintiff received the negative job performance review in spite of the fact that she exceeded her target goal, as set by the defendant, by twenty-two percent and increased her sales by thirty-two percent in 2002.

20. On or about January 6, 2004, Mr. Simms put a time off request sheet on plaintiff's office chair for a sick day on December 26, 2003. Mr. Simms referred to plaintiff's medical leave in the spring of 2003 as the "mess in the spring" and further stated that the plaintiff had exhausted all of her time off and to use time from 2004 and apply it to 2003.

21. On July 30, 2004, at the urging of plaintiff's doctor, she went out on medical leave for hypertension, kidney infection, urinary tract infection and severe irritable bowel syndrome.

22. While out on medical leave, Mr. Simms faxed to the plaintiff her job performance review. The review was negative. He further faxed the plaintiff a letter stating that she was being demoted from the Direct Sales Manager position to a Sales Agent.

23. Defendant demoted the plaintiff notwithstanding the fact that plaintiff's sales percentages were up thirty-eight percent from the previous year (2003) and that she had no personnel turnover among the employees that she managed.

24. Furthermore, by July 31, 2004, plaintiff had already attained sixty-eight percent of her 2004 sales goal, exceeding the target goal of fifty-seven percent as set by the defendant.

25. Plaintiff's base salary as Direct Sales Manager was $58,000.00 per year.

26. Based on plaintiff's job performance in 2004, plaintiff was on track to earn over $100,000.00 in salary and bonuses.

27. The starting salary for a Sales Agent is approximately $31,000.00 and due to the nature on how sales agents receive bonuses, a newly employed sales agent does not typically begin to receive a bonus until six months to a year from the start of the position.

28. The demotion constitutes a constructive discharge from employment.

## COUNT ONE

29. Plaintiff realleges the foregoing as if fully set out herein.

30. At all times material, plaintiff was an eligible employee as that term is defined by the FMLA.

31. At all times material, defendant employed fifty or more employees at plaintiff's former worksite for twenty or more weeks in 2003 and 2004 in an industry affecting interstate commerce. Accordingly, defendant is an employer covered by the FMLA.

32. As a result of plaintiff's medical conditions, plaintiff consulted a healthcare provider on more than two occasions, was under the care of a medical doctor, and was prescribed medication and received other treatment for her conditions.

33. Plaintiff's conditions are such that, if untreated, they would result in a serious health condition as that term is defined by the FMLA.

34. Indeed, plaintiff's medical conditions periodically rendered the plaintiff unable to perform the essential functions of her job, therefore qualifying for protection under the FMLA as a chronic serious health condition.

35. Defendant has interfered and violated with the exercise of plaintiff's rights under the FMLA in one or more of the following ways:

(a) by demoting the plaintiff;

     (b)     by retaliating against the plaintiff for taking medical leave;

     (c)     by constructively discharging her from her employment with the defendant.

     36.     One or more similarly situated employees of the defendant who achieved less in meeting annual sales goal targets, but who did not take medical leave, were treated differently by the defendant.

     37.     As a direct and proximate result of defendant's wrongful acts and/or omissions, plaintiff suffered and sustained multiple injuries, including but not limited to: severe emotional, mental and physical distress, lost wages, lost fringe benefits, lost bonuses, lost earning capacity and other expenses that would not otherwise have been incurred.

     38.     All of defendant's actions have been willful.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for appropriate compensatory damages; liquidated damages; for reinstatement or other equitable relief; for an injunction requiring defendant to remove all adverse information from plaintiff's personnel file; for back pay and fringe benefits; for a trial by jury; for reasonable attorneys' fees; for costs; and for all just and proper relief.

DATE:   November 4, 2004

_____
James V. Sabatini, Esquire
Fed. No.:   CT 19899
Sabatini and Associates, LLC
One Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
e-mail: sa@sabatinilaw.com

Attorney for Plaintiff

F:\worddocs\Forrestt, Teresa A. vs. Vantislife Ins. Co. LGN-04-121\complaint.FMLA.11-4-04.doc